**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ALEXIS ALEXANDER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-2323** |
| **GLAXOSMITHKLINE, LLC** | **SECTION "B"(5)** |

<u>**ORDER AND REASONS**</u>

**I.   NATURE OF MOTION AND RELIEF SOUGHT**

Before the Court is Defendant's, GlaxoSmithKline LLC ("GSK"), Motion to Dismiss Plaintiff's First, Third, Fifth, and Sixth Causes of Action[1] for failure to state a claim upon which relief can be granted (Rec. Doc. 9), as well as the Amended Complaint filed by Plaintiff, Alexis Alexander, individually and as parent and natural guardian of N.A., a minor. (Rec. Doc. 21). Defendant moves the Court pursuant to Fed. R. Civ. P. 12(b)(6) to:

(1)   Grant its Motion to Dismiss;

(2)   Dismiss with prejudice Plaintiff's First, Third, Fifth, and Sixth Causes of Action; and

(3)   Grant such further relief as the Court deems just and appropriate.

**II.  FACTS AND PROCEDURAL HISTORY**

Zofran is a prescription medication, manufactured by Defendant GSK and approved by the federal Food and Drug

---

[1] This Motion to Dismiss is in reference to Plaintiff's Original Complaint (Rec. Doc. 1).

Administration ("FDA") in 1991, for the treatment of nausea. (Rec. Doc. 21 at 1-2). Plaintiff alleges that Zofran has also been marketed "off label" since at least January 1998 as a treatment for pregnancy-related nausea and vomiting. (Rec. Doc. 21 at 2, 20-25). Plaintiff further states that, although the drug was marketed to pregnant women, it was never approved for such use nor was it clinically tested for such use. (Rec. Doc. 21 at 2).

Plaintiff Alexander was prescribed and began taking Zofran beginning early in her first trimester of pregnancy and took it continuously from then through her third trimester. (Rec. Doc. 21 at 4-5, 25). Plaintiff Alexander's minor child, N.A., was born in 2006 with numerous congenital defects in his heart, including atrial septal defect and partial anomalous pulmonary venous return, for which N.A. has undergone two surgeries. (Rec. Doc. 21 at 4, 25). Plaintiff Alexander alleges that N.A. has no family history of any of the conditions from which he suffers, and further that he has two siblings who were born healthy. (Rec. Doc. 21 at 5, 25). Plaintiff Alexander alleges that Zofran is the cause of her child's injuries. (Rec. Doc. 1 at 5).

Plaintiff states that she is a citizen of Louisiana, that GSK is a citizen of Delaware, and that the amount in controversy exceeds $75,000.00, so that federal jurisdiction is proper under 28 U.S.C. § 1332. (Rec. Doc. 21 at 5-6). Defendant GSK has not

answered Plaintiff's complaint, instead filing the instant Motion to Dismiss, but currently pending before this Court is Defendant GSK's Motion to Stay. (Rec. Doc. 8). Plaintiff does not oppose Defendant's Motion to Dismiss, but rather files a timely Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B).

Plaintiff brings claims for compensatory damages, equitable relief, and such other relief deemed just and proper arising from injuries and birth defects suffered by N.A. as a result of exposure to Zofran. (Rec. Doc. 21 at 5). Plaintiff Alexander states that she and her son, N.A., have suffered and incurred harm including severe and permanent pain and suffering, mental anguish, medical expenses, and other economic and noneconomic damages, and will require more constant and continuous medical monitoring and treatment than had she and N.A. not been exposed to Zofran. (Rec. Doc. 21 at 26). Plaintiff's Original Complaint alleged seven causes of action, including construction or composition defect, inadequate warning, design defect, breach of express warranty under the Louisiana Products Liability Act ("LPLA") and breach of the implied warranty of merchantability and fitness, redhibition, and loss of consortium under general Louisiana law. (Rec. Doc. 1). Plaintiff has amended her complaint to elaborate on her theories of recovery based on design defect and redhibition and omit the causes of action

based on construction or composition defect and breach of implied warranty. (Rec. Doc. 21).

For the reasons that follow, **IT IS ORDERED** that Defendant's Motion is **DISMISSED AS MOOT** as to those claims which Plaintiff's Amended Complaint eliminated, and **DENIED** as to those remaining claims, as set forth fully below.

## III. CONTENTIONS OF MOVANT

Defendant alleges that Plaintiff's construction or composition claim does not meet federal pleading standards insomuch as it fails to establish that the product, Zofran, deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer. Defendant contends that Plaintiff's design defect claim does not meet federal pleading standards as it is conclusory and there are no alleged facts identified that may support the assertion. Defendant argues that Plaintiff's claims for breach of implied warranty and redhibition are barred by the LPLA, which establishes the exclusive theories of liability for manufacturers for damages caused by their products.

## IV.   AMENDED COMPLAINT IN LIEU OF OPPOSITION

Plaintiff amended her original complaint, pursuant to Fed. R. Civ. P. 15(a)(1)(B). Plaintiff disposed of two of her claims addressed in Defendant's Motion to Dismiss, namely her claim

based on a construction or composition defect under the LPLA and her claim based on breach of implied warranty under general Louisiana law. Plaintiff has also amended the complaint to provide additional facts in relation to her causes of action pursuant to a design defect under the LPLA and redhibition under Louisiana law.

## V.   MOTION TO DISMISS STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. *See Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982)).

When reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)(quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1949 (2009))(internal quotation marks omitted). The Supreme Court in *Iqbal* explained that *Twombly* promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1950. First, courts must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. Legal conclusions "must be supported by factual allegations." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949.

Upon identifying the well-pleaded factual allegations, courts "assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id*. at 1950. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## VI. DISCUSSION

Initially, this Court need briefly address Plaintiff's response via an amended complaint, rather than through opposition. After a succinct discussion of this remedy, the

Defendant's claims within the Motion to Dismiss shall be addressed. As is indicated below, some of Defendant's claims are moot as Plaintiff removed them from the complaint. As to Defendant's other claims, Plaintiff has met her burden so as to survive the Motion to Dismiss.

### A. Plaintiff's Amendment of the Complaint

As Plaintiff correctly indicates, "[a] party may amend its pleading once as a matter of course within[,] . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). As Defendant did not answer Plaintiff's Original Complaint filed on June 26, 2015 (Rec. Doc. 1), Plaintiff had twenty-one days to amend the complaint once as a matter of course, without leave of court, as of Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed August 19, 2015 (Rec. Doc. 9). Plaintiff amended her complaint on September 8, 2015 (Rec. Doc. 21), making this action timely.[2]

---

[2] *See also Taj Mahal Enterprises, Ltd. v. Trump*, 745 F. Supp. 240, 245 (D.N.J. 1990) ("A motion is not a responsive pleading, and a party may amend its complaint without leave of the court after the filing of a motion to dismiss[.]"); *City Bank v. Glenn Const. Corp.*, 68 F.R.D. 511, 513 (D. Haw. 1975) ("If the time for serving a responsive pleading is extended by a Rule 12(b) motion, the period for amending as a matter of course is also extended.").

Further, "[t]he proper means of raising claims that have inadvertently not been raised in the complaint is an amended complaint, not a brief in opposition to a motion to dismiss." *Sansom Comm. V. Lynn*, 366 F. Supp. 1271, 1278 (E.D. Pa. 1973). Thus, an amended complaint filed in response to a motion to dismiss may correct the defects highlighted by the motion, either by removing such defects in their entirety or by amending them to overcome the motion. See, e.g., *Hudnall v. Kelly*, 388 F. Supp. 1352, 1353 (N.D. Ga. 1975) (holding that 12(b)(1) motion based on plaintiff's failure to allege basis of court's jurisdiction was overcome by plaintiff's amended complaint which affirmatively alleged jurisdiction pursuant to diversity of citizenship). Accordingly, this Court must assess each of Defendant's claims presented in the Motion to Dismiss in light of Plaintiff's amendments.

### B. Construction or Composition Defect and Breach of Implied Warranty

As previously stated, Plaintiff's Amended Complaint (Rec. Doc. 21) does not include theories of recovery based on construction or composition defect under the LPLA or breach of implied warranty under general Louisiana law. Consequently, **IT IS ORDERED** that Defendant's Motion is **DISMISSED AS MOOT** as it pertains to those claims.

### C. Design Defect

Under Louisiana law, the LPLA "establishes the exclusive theories of liability for manufacturers for damage caused by their products." La. Stat. Ann. § 9:2800.52. A plaintiff seeking to show that a manufacturer is liable under the LPLA, must show that the defendant is in fact a manufacturer, that the injury was proximately caused by the characteristic of the product that made it unreasonably dangerous, that the product was unreasonably dangerous in one of four statutorily defined ways, and that the damage resulted from a reasonably foreseeable use. La. Stat. Ann. § 9:2800.51 et seq.. A product may be unreasonably dangerous if there is a design defect. According to the LPLA,

> A product is unreasonably dangerous in design if, at the time the product left its manufacturer's control:
>   (1) There existed an alternative design for the product that was capable of preventing the claimant's damage; and
>   (2) The likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product. An adequate warning about a product shall be considered in evaluating the likelihood of damage when the manufacturer has used reasonable care to provide the adequate warning to users and handlers of the product.

La. Stat. Ann. § 9:2800.56. In order to prevail against Defendant's Motion to Dismiss, Plaintiff must allege sufficient

facts to allow the Court to draw the reasonable inference that the elements for a design defect will be met, and Plaintiff must provide more than a mere recital of the law.

Plaintiff's Amended Complaint meets this burden. First, Plaintiff highlights other safe and effective alternatives for treating or preventing the nausea and vomiting of pregnancy, recognized in 2004 by the American Congress of Obstetricians and Gynecologists ("ACOG"). (Rec. Doc. 21 at 31). Plaintiff's Amended Complaint states that ACOG "published clinical management guidelines for healthcare providers recommending that vitamin B6 plus doxylamine, among other drugs, be used to prevent or treat nausea and vomiting of pregnancy." (Rec. Doc. 21 at 31). This Court "must accept well-pleaded facts as true" and therefore believes the first element for finding a design defect has been sufficiently alleged. *See Baker*, 75 F.3d at 196.

Second, Plaintiff goes on to address Defendant's failure to adequately test the safety risks of Zofran for treating pregnant women. (Rec. Doc. 21 at 32-33). This factual allegation highlights the "likelihood that the product's design would cause the claimant's damage." La. Stat. Ann. § 9:2800.56. Furthermore, Plaintiff points out the lack of a warning concerning the dangerousness of Zofran to pregnant women. (Rec. Doc. 21 at 32-33). As stated under the LPLA, "[a]n adequate warning about a product shall be considered in evaluating the likelihood of

damage[.]" La. Stat. Ann. § 9:2800.56. Finally, accepting Plaintiff's factual allegations as true, Plaintiff has sufficiently alleged that "the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design[.]" *Id.* Consequently, it is **ORDERED** that Defendant's Motion to Dismiss Plaintiff's design defect claim is **DENIED**.

### D. Redhibition

Under Louisiana law, a buyer has a warranty "against redhibitory defects, or vices, in the thing sold. A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect." La. Civ. Code Ann. art. 2520. Such a defect may give a buyer the right to obtain rescission of the sale, or, if the buyer would have still bought the product but for a lesser price, a reduction of the purchase price. Id. If a seller is deemed to be in "bad faith," a buyer can also recover damages and attorneys' fees. La. Civ. Code Ann. art. 2545. As is made clear by the Louisiana Civil Code, recovery under a theory of redhibition is limited to purely economic loss and not recovery for personal injury. *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1251 (5th Cir. 1997).

Defendant asserts that Plaintiff may not recover for damages resulting from personal injury under her claim of

redhibition. However, Plaintiff does not seek any such damages and merely requests rescission of the sale or, alternatively, reduction of the purchase price, in addition to damages and attorneys' fees. (Rec. Doc. 21 at 37-38). Plaintiff's claim for damages resulting from a redhibitory defect are not barred by her separate claims under the LPLA for personal injury. *See De Atley v. Victoria's Secret Catalogue, LLC*, 2004-0661 (La. App. 4 Cir. 5/14/04), 876 So. 2d 112, 115 ("Courts have interpreted the LPLA as preserving redhibition as a cause of action only to the extent the claimant seeks to recover the value of the product or other economic loss."). As the two claims present different possibilities for recovery, it would be inappropriate to grant Defendant's motion simply because this suit stems from a personal injury claim, when such a result is contrary to the law.[3] As a result, it is **ORDERED** that Defendant's Motion to Dismiss Plaintiff's redhibition claim is **DENIED**.

## VII. CONCLUSION

In light of the above, Plaintiff's Amended Complaint has met the burden to withstand Defendant's Motion to Dismiss as to those claims not removed from the complaint, by alleging sufficient factual matter that, when accepted as true, states a claim to relief that is plausible on its face. As to those

---

[3] "The remedies for a claim under the LPLA and one in redhibition are different . . . . The LPLA is the exclusive remedy against a manufacturer and does not allow for the recovery of attorney's fees, while attorney's fees are recoverable from the manufacturer in a redhibition claim . . . ." *Id.*

claims excluded from Plaintiff's Amended Complaint, Defendant's Motion to Dismiss has become moot.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion is **DISMISSED AS MOOT** as to those claims which Plaintiff's Amended Complaint eliminated, and **DENIED** as to the remaining claims discussed above.

New Orleans, Louisiana, this 14th day of September, 2015.


_____
UNITED STATES DISTRICT JUDGE